IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:04CR199 |
| Plaintiff, | ) ) ) | |
| vs. | ) | TENTATIVE FINDINGS |
| BILLY D. DAVIS, | ) ) ) | |
| Defendant. | ) | |

The Court has received the Presentence Investigation Report ("PSR") and the Defendant's objections thereto. (Filing No. 80.) The government has adopted the PSR. (Filing No. 79.) *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 2005 WL 50108 (U.S. Jan. 12, 2005), the sentencing guidelines are advisory.

As there is no addendum to the PSR, it appears that defense counsel did not comply with ¶ 4 of the Order on Sentencing Schedule and raised his objections initially with the probation officer before preparation of the final report. Nevertheless, the objections will be briefly discussed.[1]

The Defendant objects to the following portions of the PSR:

1.  Cover page - the Defendant asserts that he was arrested on May 17, 2004. The arrest warrant (Filing No. 6) reflects a May 19, 2004, arrest as reported in the PSR. The objection is denied.

---

[1] The Court cautions defense counsel, however, that in future cases if counsel does not follow ¶¶ 4 and 6 of the Order on Sentencing Schedule any objections to the PSR may, in the Court's discretion, be summarily denied.

2. ¶¶ 30, 36 - The Defendant objects to the drug quantity reflected in ¶ 30, and argues that given the jury verdict he may not be held responsible for more than the amount found in the verdict–which defense counsel argues is "from 50 to 150 grams of crack." The jury found beyond a reasonable doubt that the Defendant was responsible for "50 grams or more" of cocaine base, i.e. crack cocaine.  (Filing No. 76.)   Given the evidence presented at trial, the objection is denied.

3. ¶¶ 52, 53, 54 - Juvenile offenses.  The Defendant argues that criminal history points were incorrectly assessed, as the Defendant was 13 when he committed the offenses described in ¶¶ 52 and 53 and 14 when he committed the offense described in ¶ 54.  The guidelines provide that a juvenile offense committed prior to age 18 is assessed 2 criminal history points if the Defendant was released within 5 years of the Defendant's commencement of the instant offense and the prior sentence was to confinement of at least 60 days.  U.S.S.G. § 4A1.2((d)(2)(A).  Levi Brown testified that he began dealing with the Defendant in approximately August of 1998.  In ¶¶ 52, 53 and 54, the Defendant received sentences of confinement exceeding 60 days. The Defendant was released on November 7, 2005 (¶¶ 52 and 53) and served more than 60 days for the offense in ¶ 54. The objections are denied.

4. ¶¶ 52-70, 72, 75 - Over representation of criminal history.  This argument, although posed as an objection, should be raised and will be considered as a motion for downward departure pursuant to U.S.S.G. § 4A1.3.  The Defendant argues that there are mitigating circumstances relating to a prior juvenile felony conviction (¶ 55), and that several offenses are traffic offenses or possession of less than one ounce of marijuana. He argues that he is inappropriately placed in category VI.  However, the Court notes the

Defendant's lengthy criminal history beginning at age 12 and, almost without exception, continuing annually through the commission of the instant offense. The motion for downward departure is denied.

5. ¶ 69 - The Defendant argues that this offense resulting in 1 criminal history point is not his conviction. Davis has 26 criminal history points. The objection is denied because it was not raised pursuant to ¶ 4 of the Order on Sentencing Schedule and because a successful resolution has no bearing on Davis's guideline range.

6. ¶ 73 - Committing instant offense while on probation - ¶ 60 reflects that Davis was placed on 1 year probation on July 26, 2001. On November 29, 2001, Davis's probation was revoked. The guidelines state that 2 additional criminal history points must be assessed pursuant to U.S.S.G. 4A1.1(d) if the instant offense was committed while under a sentence of probation. Davis was found guilty of Count I of the Indictment charging a conspiracy that began on approximately January 1, 1998, and lasted through August 31, 2003. Trial witnesses testified to Davis's involvement in the instant offense while he was under the sentence of probation described in ¶ 60. The objection is denied.

7. ¶ 74 - The Defendant argues that 1 criminal history point was incorrectly assessed for recency. U.S.S.G. § 4A1.1(e) requires that, where a defendant has received 2 points pursuant to § 4A1.1(d), 1 additional point must be assessed when the instant offense was committed within 2 years after release from a sentence counted under U.S.S.G. § 4A1.1(a) or (b). On May 28, 1997, Davis was sentenced to 12-24 months imprisonment and assessed 3 criminal history points pursuant to § 4A1.1(a). Levi Brown testified that he began dealing with the Defendant in approximately August of 1998. The objection is denied.

8. ¶ 80 - The Defendant objects to mention of his alleged gang membership. This information is useful to the Bureau of Prisons and has no bearing on Davis's guideline range. The objection is denied.

9. The entire PSR - The Defendant raises a *Booker* argument with respect to being sentenced under the guidelines. The Court views the guidelines as advisory pursuant to *United States v. Booker,* 125 S. Ct. 738 (U.S. Jan. 12, 2005) and will sentence accordingly.

IT IS ORDERED:

1. The Defendant's Objections to the Presentence Investigation Report (Filing No. 80) are denied;

2. The Defendant's motion for downward departure, included in the Objections (Filing No. 80), is denied;

3. Otherwise the Court's Tentative Findings are that the Presentence Investigation Report is correct in all respects;

4. If **any** party wishes to challenge these Tentative Findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these Tentative Findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

5. Absent submission of the information required by paragraph 3 of this Order, my Tentative Findings may become final; and

6.      Unless otherwise ordered, any motion challenging these Tentative Findings shall be resolved at sentencing.

DATED this 20th day of October, 2005.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge