IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | ) | CASE NO. 8:04CR199 |
|---|---|---|
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| vs. | ) | AND ORDER |
| | ) | |
| BILLY D. DAVIS, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing Nos. 130, 133, 135) filed by the Defendant, Billy D. Davis ("Davis"). Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

On July 29, 2005, Davis was found guilty after a jury trial of a one-count Indictment charging him with conspiracy to distribute or possess with intent to distribute a mixture or substance containing 50 grams or more of cocaine base. (Filing No. 76.) On November 30, 2005, Davis was sentenced to 360 months imprisonment and 5 years supervised release. (Filing No. 93.) On direct appeal, the Eighth Circuit Court of Appeals affirmed his conviction and sentence. The Eighth Circuit addressed the following issues: the district court's failure to suppress crack cocaine found on Davis during an October 12, 2001, search; the admission of evidence of prior bad acts; the exclusion of expert testimony; the

admission of coconspirator testimony made in furtherance of the conspiracy; the determination of drug quantity by a preponderance of the evidence; the excessiveness of the sentence imposed; the disparity between sentences for crack and powder cocaine; and the imposition of a sentence without giving proper weight to the factors listed in 18 U.S.C. § 3553(a). (Filing No. 119.) On February 26, 2007, the Supreme Court denied Davis's petition for a writ of certiorari. *Davis v. United States*, 127 S. Ct. 1386 (2007).

On February 29, 2008, Davis's attorney, James M. Davis ("Mr. Davis"), filed a § 2255 motion. (Filing No. 130.) The motion did not contain a certificate of service. (Filing No. 131.) On March 5, 2008, Mr. Davis filed a duplicate § 2255 motion that included a certificate of service. (Filing No. 133.) Finally, on March 24, 2008, Davis filed a pro se supplement to his § 2255 motion that does not include a certificate of service. (Filing No. 135.)

The initial motion (Filing No. 130) is denied as moot. The Court will consider the arguments raised in the other motions (Filing Nos. 133, 135.) Although the Court does not diminish the requirement of a certificate of service, because opposing counsel is notified of filings on the Court's electronic filing system the Court finds that in the interest of justice the arguments raised in the pro se motion that lacks a certificate of service (Filing No. 135) will be considered together with the issues raised in the served motion (Filing No. 133). Davis requests an evidentiary hearing. (Filing No. 135, at 12.)

**DISCUSSION**

Davis raises the following grounds in Filing No. 133 through counsel: 1) his sentence was based on crack cocaine guidelines later found to be unreasonable by the United States Sentencing Commission; 2) after his sentencing, the law permits a sentence below the guideline range; 3) his sentence was improperly based on a drug quantity found by the judge by a preponderance of the evidence; and 4) the admission of 3.3 grams of crack cocaine violated the "silver platter doctrine" set out in *Elkins v. United States,* 364 U.S. 206 (1960).[1]

Davis raises the following grounds pro se in Filing No. 135: 1) this Court's failure to suppress evidence based on the state court's exclusion of the evidence; 2) ineffective assistance of counsel based on counsel's alleged failure to raise the issue of the suppression issue described in ground (1); and 3) this Court's failure to suppress evidence found on October 12, 2001, during a continued search of Davis allegedly not based on probable cause.

**RELITIGATION OF ISSUES DECIDED ON APPEAL**

Claims decided on direct appeal cannot be relitigated in § 2255 motion. *United States v. Davis,* 406 F.3d 505, 511 (8th Cir. 2005), *cert. denied,* 126 S. Ct. 1083 (2006); *Bear Stops v. United States,* 339 F.3d 777, 780 (8th Cir. 2003). Therefore, grounds (1) and

---

[1] The *Elkins* Court concluded that "evidence obtained by state officers during a search which, if conducted by federal officers, would have violated the defendant's immunity from reasonable searches and seizures under the Fourth Amendment is inadmissible over [a] defendant's timely objection in a federal criminal trial." *Id.* at 223. The federal court makes an independent inquiry into the unreasonableness of a search or seizure. *Id.* at 223-24.

(3) in Filing No. 135 are summarily denied because they were considered by the Eighth Circuit. (Filing No. 119, at 5-6.)

**TIMELINESS**

In Davis's case, his § 2255 motion was required to be filed one year from the latest of the following relevant deadlines: February 26, 2007, the date the Supreme Court denied his petition for certiorari; the date any asserted right was initially recognized by the Supreme Court, if newly recognized and made retroactive to cases on collateral review; or the "date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255.

Davis argues that his § 2255 motion is timely for the following reasons: on March 2, 2007, he was placed on notice by letter that his petition for certiorari was denied, *see* 28 U.S.C. § 2255(f)(1); and several of the grounds raised could not have been raised until December of 2007, when the Supreme Court decided *Kimbrough v. United States,* 128 S. Ct. 558 (2007) and *Gall v. United States*, 128 S. Ct. 586 (2007), *see* 28 U.S.C. § 2255(f)(4).[2]

### *One-Year Statute of Limitations - § 2255(f)(1)*

The Court begins by applying the general rule that the one-year statute of limitations began on February 26, 2007, the date Davis's petition for certiorari was denied, and ended on February 26, 2008. *United States v. McIntosh,* 332 F.3d 550, 550 (8th Cir. 2003). The narrowly applied doctrine of equitable tolling does not apply because Davis has made no showing that extraordinary circumstances beyond his control made it impossible for him

---

[2]*Kimbrough* and *Gall* are discussed below.

to timely file his § 2255 motion. *Id.* (citing *Jihad v. Hvass,* 267 F.3d 803, 805-06 (8th Cir. 2001)). Therefore, all of the claims raised in the § 2255 motions, including Filing No. 130, are untimely under 28 U.S.C. § 2255(f)(1). Nevertheless, additional applicable issues are discussed below.

***Possible Reduction - Crack Cocaine Amendment 706***

Regarding ground (1) in Filing No. 133, the U.S. Sentencing Commission has promulgated Amendment 706 relating to crack cocaine offenses and in Amendment 711 found the amendment to be retroactive in some cases. *United States v. Adrow,* 2008 WL 1775275, at *1 & n.1 (E.D. Ark. Apr. 16, 2008). Mr. Davis has filed a motion to reduce Davis's sentence based on Amendment 706 and a supporting brief. (Filing Nos. 125, 126.) The motion is pending. Therefore, this issue will be addressed in conjunction with the motion to reduce Davis's sentence and ground (1) in Filing No. 133 is denied as moot for purposes of the § 2255 motion.

***Newly Recognized Claims - § 2255(f)(3)***

Davis implicitly argues that claims newly recognized by the Supreme Court may be considered outside the one-year limitations period. This argument relates to grounds (2) and (3) raised in Filing No. 133.

Regarding ground (2), counsel argues that a post-sentencing change in the law now allowing a district court to sentence below the guideline range entitles Davis to a lower sentence. Counsel cites *Kimbrough v. United States,* 128 S. Ct. 558 (2007),[3] in which the Supreme Court concluded that judges may depart from the sentencing guideline crack

---

[3] At the time *Kimbrough* was decided, the Sentencing Commission had not yet determined that Amendment 706 would be retroactive. *Id.* at 569 n.11.

5

cocaine quantity ratio if the court determines that the ratio results in a sentence "greater than necessary" to achieve the purposes of 18 U.S.C. § 3553(a). *Id.* Davis also cites *Gall v. United States,* 128 S. Ct. 586 (2007), in which the Supreme Court decided that, in reviewing the reasonableness of sentences both inside and outside the guideline range, courts of appeals should apply a deferential abuse of discretion standard. *Id.* at 591.

The argument appears to be that the principle that the sentencing guidelines are now advisory rather than mandatory, *see Blakely v. Washington,* 542 U.S. 296 (2004) and *United States v. Booker,* 543 U.S. 220 (2005), is retroactive. However, the Eighth Circuit has decided that *Blakely* and *Booker* cannot be retroactively applied on collateral review. *United States v. Hernandez,* 436 F.3d 851, 855 (8th Cir. 2006) (*Blakely*); *Never Misses a Shot v. United States,* 413 F.3d 781, 783 (8th Cir. 2005) (*Booker*). Therefore, ground (2) in Filing No. 133 is also summarily denied for this reason.

In ground (3), Davis argues that under *Apprendi v. New Jersey,* 530 U.S. 466 (2000), this Court improperly determined the drug quantity at sentencing by a preponderance of the evidence. Davis argues that the drug amount should have been decided by the jury beyond a reasonable doubt. The Eighth Circuit has determined that *Apprendi* does not apply retroactively on collateral review. *United States v. Moss,* 252 F.3d 993, 1000 (2001). Therefore, ground (3) in Filing No. 133 is also summarily denied for this reason.

### *Due Diligence - § 2255(f)(4)*

Davis argues that certain "facts" were only discoverable in December of 2007, when *Kimbrough* and *Gall* were decided, and therefore his § 2255 motion is timely. This

argument relates to ground (2) in Filing No. 133.  However,  a Supreme Court decision is not a "fact."  Davis has not pointed to any new fact.  *E.J.R.E. v. United States,* 453 F.3d 1094, 1098 (8th Cir. 2006).  Therefore, ground (2) in Filing No. 133 is also summarily denied for this reason.

## CONCLUSION

For the reasons discussed, it appears plainly from the face of the § 2255 motion and the record that Davis is not entitled to relief.   All claims are summarily denied.

IT IS ORDERED:

1. The Court has completed the initial review of the Defendant's Motions Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing Nos. 130, 133, 135);

2. The Defendant's § 2255 motion (Filing No. 130) is denied as moot;

3. Upon initial review, the Court summarily dismisses the Defendant's claims raised in the other § 2255 motions (Filing Nos. 133, 135);

4. Davis's request for an evidentiary hearing is denied;

5. A separate Judgment will be issued denying the § 2255 motions; and

6. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 28th day of April, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge